**FILED**
**May 22, 2018**
**02:23 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| SAM BIELICH,<br>   **Employee,**<br>**v.**<br>**JERRY RUSSELL, d/b/a RUSSELL**<br>**REMODELING,**<br>   **Employer.** | )  Docket No.: 2017-03-0990<br>)<br>)<br>)  State File No.: 65243-2017<br>)<br>)  Judge Lisa A. Lowe<br>) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
### (*Decision on the Record*)

---

This matter came before the undersigned Workers' Compensation Judge on Mr. Bielich's Request for Expedited Hearing seeking medical benefits. Jerry Russell, d/b/a Russell Remodeling, did not file a response or request an evidentiary hearing. The central legal issue is whether Mr. Bielich is likely to prevail at a hearing on the merits in proving that his injury arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds Mr. Bielich established he is likely to prevail and is entitled to the requested medical benefits.

### History of Claim

A review of the written materials revealed the following facts. Russell Remodeling employed Mr. Bielich as a laborer in its general contracting, restoration, and repair business. Mr. Bielich's work activities included roofing, drywall, painting and carpentry. Russell Remodeling paid him $13.00 per hour and issued paychecks weekly.

On August 11, 2017, Mr. Russell arrived at customer Ken Smith's home to work on the roof and encountered rain after working for a while. He came down from the roof and was gathering his tools when he fell through a rotted deck and injured his left knee, leg, and foot. Mr. Bielich's co-worker, T.J. Wilkerson, and Mr. Smith witnessed the injury. Mr. Smith transported Mr. Bielich to Roane Medical Center, where he received treatment. The medical provider instructed him to use a knee immobilizer and follow up with his primary care physician and/or orthopedic specialist within the next week. Mr.

1

Bielich submitted the following medical bills incurred for treatment of the work-related injury: Vista Radiology: $45.00; Emergency Coverage Corporation: $273.88; and Roane Medical Center: $325.94. Russell Remodeling failed to provide Mr. Bielich with a panel of physicians for follow-up treatment and to pay the submitted medical expenses.

After completing an Expedited Request for Investigation Report, Compliance Officer Kimberly Stoner found the following: Russell Remodeling did not have workers' compensation coverage at the time of the injury; Mr. Bielich suffered an injury primarily arising primarily out of and in the course and scope of his employment after July 1, 2015; Mr. Bielich was a Tennessee resident on the date of injury; and Mr. Bielich provided notice of his injury and Russell Remodeling's lack of workers' compensation insurance to the Bureau within sixty days of the injury. Russell Remodeling did not file a response to rebut these findings. Therefore, the Court adopts the findings of Compliance Officer Stoner's Expedited Request for Investigation Report.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this is an Expedited Hearing, Mr. Bielich need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1).

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical . . . treatment . . . made reasonably necessary by accident as defined in this chapter." Further, when an employee sustains a work-related injury, the employer shall designate a group of three physicians from which the employee shall select a treating physician. *See* Tenn. Code Ann. 50-6-204(3)(A)(i).

No one disputes that Mr. Beilich fell through Mr. Smith's deck. Mr. Russell acknowledged the incident when interviewed by the Compliance Specialist, and both Mr. Wilkerson and Mr. Smith confirmed the incident. Mr. Smith also confirmed that he took Mr. Beilich to Roane Medical Center for treatment immediately afterward. The Court holds Mr. Beilich sustained a specific injury arising primarily out of and in the course and scope of his employment, and Russell Remodeling shall be responsible for past and ongoing medical treatment. Russell Remodeling shall directly pay Vista Radiology, Emergency Coverage Corporation, and Roane Medical Center for treatment rendered to Mr. Beilich for the work injury. Additionally, Russell Remodeling shall provide Mr. Beilich with a panel of orthopedic physicians for follow-up treatment.

2

*Payment of Benefits*

Although this Court holds Russell Remodeling must provide Mr. Beilich with past and ongoing medical benefits, payment might not occur, as Russell Remodeling did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4).

The Court adopted the findings contained in the Bureau's Investigation Report, admitted into evidence without objection and finds:

(1) Russell Remodeling failed to carry workers' compensation insurance;
(2) Mr. Bielich suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
(3) Mr. Bielich was a Tennessee resident on August 11, 2017, the date of the injury;
(4) Mr. Bielich provided the Bureau notice of the injury and of Russell Remodeling's failure to provide workers' compensation within sixty days after the injury occurred; and,
(5) Mr. Bielich is entitled to past and ongoing medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Jerry Russell, d/b/a Russell Remodeling, shall pay for reasonable and necessary medical care for Mr. Bielich's injuries, including services already received from Vista Radiology, Emergency Coverage Corporation, and Roane Medical Center. Either Mr. Bielich or the medical provider shall furnish medical bills to Jerry Russell, d/b/a Russell Remodeling. Jerry Russell, d/b/a Russell Remodeling, shall also provide Mr. Bielich with a panel of orthopedic physicians for ongoing reasonable, necessary, and related medical treatment as required by Tennessee Code Annotated section 50-6-204.

3

2. Mr. Bielich is eligible to receive medical benefits from the Uninsured Employer's Fund under Tennessee Code Annotated section 50-6-801, *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of whether to provide medical treatment.

3. This matter is set for a Scheduling Hearing on **August 13, 2017, at 9:30 a.m. Eastern Time**. The parties must call (865) 594-0109 or (toll-free) (855) 383-0003 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED May 22, 2018.**

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court reviewed the entire case file and marked the following documents as exhibits for ease of reference:

1. Petition for Benefit Determination,
2. Dispute Certification Notice,
3. Show Cause Order,
4. Order Granting Extension,
5. Request for Expedited Hearing,
6. Affidavit of Sam Bielich,
7. Expedited Request for Investigation Report,
8. Photo Identification of Mr. Bielich,
9. Payment to Mr. Bielich,
10. Photographs,
11. Medical Record of Roan Medical Center,
12. Medical Expense of Vista Radiology, and
13. Medial Expense of Alcoa Billing Center.

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on May 22, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jonathan W. Doolan, Employee's Attorney | | | X | jonathan@collinsdoolan.com |
| Jerry Russell, Self-Represented Employer | X | | X | Jerry Russell<br>1350 Sunnyside Road<br>Philadelphia, TN 37846<br>Russellpainting81@gmail.com |
| LaShawn Pender, UEF Courtesy Copy Only | | | X | Lashawn.pender@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**